UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICHOLAS LYNCH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GEICO INDEMNITY COMPANY, et al.,<br><br>　　　　Defendants. | 2:12-cv-01818-LRH-PAL<br><br>ORDER |

　　　Plaintiff, Nicholas Lynch, initiated this action in the Eighth Judicial District Court for Clark County, Nevada. On October 17, 2012, on the basis of diversity jurisdiction, Defendant Geico Indemnity Company (hereafter "Defendant") filed a notice of removal to this court (#1[1]).

　　　After review of the first amended complaint and Defendant's petition for removal, the court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case. While it appears that the parties are of diverse citizenship,[2] Defendant has not demonstrated that the amount in controversy exceeds $75,000.

　　　"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United

---

[1] Refers to the court's docket entry number.

[2] Plaintiff is a citizen of Nevada and Defendant Geico Indemnity Company is incorporated under the laws of Maryland and has its principal place of business in Maryland.

States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. Normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id*.

However, if the plaintiff does not claim a sum greater than the jurisdiction requirement, the defendant cannot meet its burden by merely alleging that the amount in controversy is met: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . ." *Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis omitted).

In some cases, it may be "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). However, "[w]hen the amount is not facially apparent from the complaint, the court may consider facts in the

removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted). Here, no copy of Plaintiff's complaint has been filed. Accordingly, jurisdiction has not been established.

Here, in arguing that the amount in controversy requirement has been satisfied, Defendant relies solely upon conclusion of counsel.

The court will provide Defendant additional time to present "summary-judgment-type evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.

IT IS THEREFORE ORDERED that Defendant is granted twenty (20) days to establish the minimum amount in controversy for federal jurisdiction.  Plaintiff is granted ten (10) days to file an opposition.  No reply is required.

IT IS SO ORDERED.

DATED this 26th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE